

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| TRUMAN CLAVELLE | CIVIL ACTION NO. 06-0410 |
| VS. | SECTION P |
| TIMMY DUCOTE, WARDEN | JUDGE DOHERTY |
| | MAGISTRATE JUDGE HILL |

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of *habeas corpus* filed pursuant to 28 U.S.C. § 2254 on March 10, 2006[1] by *pro se* petitioner Truman Clavelle. Petitioner is an inmate in the custody of Louisiana's Department of Public Safety and Corrections. He is incarcerated at the Avoyelles Bunkie Detention Center and Work Release Facility where he is serving a ten year sentence imposed following his 1998 aggravated battery conviction entered in the Sixteenth Judicial District Court, for Iberia Parish, Louisiana.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court. For the following reasons, it is recommended that the petition be **DENIED** and **DISMISSED WITH PREJUDICE** because it is barred by the one-year period of limitations codified at 28 U.S.C. § 2244(d).

---

[1] The petition was signed on March 10, 2006 and filed in this court on March 14, 2006. Accordingly, the undersigned has given petitioner the benefit of the federal "mailbox rule". *Houston v. Lack*, 487 U.S. 266, 270, 108 S.Ct. 2379, 2382, 101 L.Ed.2d 245 (1988), *Spotville v. Cain*, 149 F.3d 374, 376 (5th Cir.1998).

## Statement of the Case

On September 24, 1998 petitioner pled guilty to aggravated battery and was sentenced to serve ten years at hard labor. The sentence was suspended and the petitioner was placed on supervised probation for five years.

On August 8, 1999, petitioner was again arrested for aggravated battery. On October 28, 1999, petitioner pled guilty to simple battery for which he was sentenced to serve six months in the parish jail.

Petitioner's probation officer filed a motion to revoke petitioner's probation, on the 1998 conviction, alleging that petitioner had violated the terms of his probation in the following respects: (1) he was convicted of a subsequent offense, namely simple battery; (2) he failed to report to his probation officer within forty-eight hours of his court date; (3) he made no payments toward fine and costs; (4) he made no reimbursement payments to the Indigent Defenders' Office; (5) he failed to submit to drug screens; and (6) he failed to enroll in and complete the domestic abuse program. On February 29, 2000, petitioner's probation was revoked and he was ordered to serve the originally imposed ten year sentence.

On March 31, 2000, petitioner filed a *pro se* application for post-conviction relief in the Sixteenth Judicial District Court.[2] Petitioner argued that (1) he was denied a

---

[2] The pleading was filed on or about July 19, 2000, however, the pleading was signed on March 31, 2000. This is the earliest date that the pleading could have been filed under the "mailbox rule" See footnote 1, *supra*. Accordingly, for the purposes of this report, petitioner will be afforded the benefit of this earlier filing date notwithstanding the fact that the Louisiana courts and petitioner's pleadings all refer to July 19, 2000 as the date the

preliminary hearing prior to the probation revocation proceeding; and, (2) his " attorney walked out of the courtroom as I entered without speaking to me and was not present during the proceedings leading to the conviction ...." On August 7, 2000, the petition was denied without written reasons. On August 22, 2000, petitioner sought writs in the Third Circuit Court of Appeals, complaining that the trial court failed to provide reasons for judgment. On May 15, 2001, the Third Circuit denied writs stating, "The trial court is not required to assign reasons for its denial. Additionally, Relator's remaining claims are not argued before this court and were not first presented to the trial court. *See State ex rel. Foy v. Criminal Dist. Court*, 96-0519 (La. 3/15/96); 669 So.2d 393." *State of Louisiana v. Truman Clavell*, No. KH 00-01190 (La. App. 3 Cir. 5/15/2001). Petitioner did not seek further review in the Louisiana Supreme Court.

On June 6, 2001, petitioner filed a second application for post conviction relief. Petitioner alleged the following claims for relief: (1) denial of the right to counsel at the probation revocation hearing and failure of the trial court to inform petitioner of his rights; (2) failure of the probation officer to convene a preliminary hearing prior to the probation revocation hearing; and (3) the trial court failed to articulate reasons for revoking probation. On July 20, 2001, the trial court denied the application, providing written reasons for judgment as follows:

> *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), cited by the Defendant, holds that a probationer is

---

pleading was filed.

entitled to counsel only if a substantial issue is raised with respect to whether or not the probationer had actually violated the terms of his probation, or, in those instances where issues raised in mitigation are so complex that a probationer would be unable to urge them effectively. Further, the Defendant cites *State v. Baggert*, 350 So.2d 652 (La. 1977) and quotes from that case: "Additionally, it is often the case in revocation hearings that the facts are either not in dispute, as when the parolee has been convicted of committing another crime ... In these situations, the introduction of counsel into the hearing would be unbeneficial to the parolee and would unnecessarily encumber the proceedings."

The defendant argues that he " ... disputed all the allegations that he was in violation of the conditions of his probation ..." (Memorandum, p. 2). This is not true. The record establishes that the Defendant did in fact admit to his October 28, 1999 conviction on a charge of Simple Battery.

LSA C.Cr.P. Art. 901 provides: "In addition to the grounds for revocation of probation enumerated in Louisiana Code of Criminal Procedure Article 900, when a defendant who is on probation for a felony commits or is convicted of ... a misdemeanor under the provisions of Title 14 of the Louisiana Revised Statutes of 1950 ... his probation may be revoked as of the date of the ... final conviction of the ... misdemeanor."

In short, regardless of whether or not the Defendant could have benefitted from the aid of counsel with respect to the other allegations supporting revocation, there was no dispute that he committed and was convicted of another crime of violence while on probation. In fact, the Court clearly advised the Defendant that the prime cause of his probation revocation was this subsequent conviction. (See Transcript, p. 9) Claim I(a) is without merit.

In Claim I(b) Defendant argues that the trial court failed to inform him of his rights. The Revocation Hearing complied with the requirements of LSA C.Cr.P. Art. 900. This claim is without merit.

4

In his second claim for relief, the Defendant argues that he was not afforded the preliminary hearing mandated by LSA C.Cr.P. art. 899(E). This Defendant was not arrested on a probation violation warrant. Instead, he was arrested on new charges, namely Aggravated Battery. The preliminary hearing is mandated only in those cases where a probationer is arrested solely on the basis of a Probation Revocation Warrant. See LSA C.Cr.P. Art. 899(A).

The Defendant argues further that he was not timely advised of the nature of the alleged violations of probation. This allegation is refuted by the record. The Sheriff's return of service in the record establishes that the Defendant was personally served with a copy of the Rule to Show Cause on February 25, 2000; the hearing was held on February 29. Defendant's allegation that he was served only 18 hours in advance of the hearing is not supported by the record.

This claim is without merit.

The Defendant argues that the trial court did not articulate its reasons for revocation. The record refutes this allegation. That portion of the record quoted by the Defendant (Memorandum p. 7) provides ample reasons to justify revocation. As pointed out by the Defendant, the trial court stated: "The best possible case here is that you did go and something happened to your piece of paper. You are still in violation of your probation for your subsequent conviction and for your failure to enroll in DAP." (Trans. p. 9)

In this case, the Defendant had been convicted of a crime of violence. He was given another chance and placed on probation. Within a short period of time he committed another crime of violence. The court not only had the right to revoke his probation, it had a duty to do so. [doc. 1-12, pp. 18-19].

On August 30, 2001, petitioner filed a writ application in the Third Circuit Court of Appeals. On November 14, 2001, the Third Circuit denied writs noting, "... Rulings

revoking probation are properly reviewed by an application for supervisory writs and such a request must be made within thirty days of the contested ruling ..." *State of Louisiana v. Truman Clavelle*, No. KH 01-01128 (La. App. 3 Cir. 11/14/2001).[3]

On November 27, 2001, petitioner filed another Application for Post-Conviction Relief in the Sixteenth Judicial District Court. In this third application, petitioner argued that he was denied his right to appeal or seek judicial review in the courts of appeal. On December 12, 2001, the trial court denied relief. In January 2002, petitioner sought review of this judgment in the Third Circuit Court of Appeals. On March 26, 2002, the Third Circuit denied writs finding,

> There is no error in the trial court's ruling denying Relator's application for post-conviction relief, by which Relator sought the right to file an untimely writ of review regarding his probation revocation. Relator first sought review of the February 2000 revocation on June 11, 2001, in an application to the trial court, which was well beyond the time limit provided for such review. See *State v. Clavelle*, an unpublished writ bearing docket number 01-1128 (La. App. 3 Cir. 11/14/2001). Further, there is no provision for an out-of-time writ of review, and Relator has stated no facts supporting the grant of such extraordinary relief. *State of Louisiana v. Truman Clavelle*, No. KH 02-00054 (La. App. 3 Cir. 3/26/2002).

On April 4, 2002, petitioner sought review of this judgment by filing an application for writs in the Louisiana Supreme Court. On May 2, 2003, the Supreme Court granted writs. *State ex rel. Truman Clavelle v. State of Louisiana*, 2002-1244 (La.

---

[3] Petitioner did not provide copies of this writ application or of the Third Circuit's Writ denial under Docket Number KH 01-1128.

5/2/2003), 842 So.2d 1088.

On December 12, 2003, the Supreme Court found that "the court of appeal erred in failing to afford relator review of the merits of his claims regarding revocation of his probation ..." and remanded the case to the Third Circuit Court of Appeals "for purposes of providing relator with reasonable time in which to file for review of his revocation hearing and for a ruling on the merits of his claims." *State ex rel. Truman Clavelle v. State of Louisiana*, 2002-1244 (La. 12/12/2003), 861 So.2d 186, 187.

On remand, the Court of Appeal set January 30, 2004 as the deadline for petitioner's filing. On January 29, 2004, petitioner mailed his pleadings to the Third Circuit; the pleadings were received and filed on January 30, 2004. Petitioner argued the same three claims for relief previously argued in the Sixteenth Judicial District Court: that he was denied his right to counsel at the revocation hearing and that the trial court failed to inform petitioner of his rights; that the probation officer failed to convene a preliminary hearing prior to the revocation of his probation; and that the trial court failed to articulate any reasons for revoking his probation.

On February 25, 2004, the Third Circuit denied writs finding, "There is no error in the trial court's ruling."[4]

On March 4, 2004, petitioner sought further review in the Louisiana Supreme Court. On March 11, 2005, the Louisiana Supreme Court denied writs. *See State of*

---

[4] Petitioner did not provide a copy of the Third Circuit's ruling. However, it is clear that the ruling referred to by the Third Circuit was the Reasons for Judgment dated July 20, 2001.

7

*Louisiana ex rel. Truman Clavelle vs. State of Louisiana*, 2004-0951 (La. 3/11/2005), 896 So.2d 58.

As shown above, petitioner signed, and thus filed, his federal application for writ of *habeas corpus* on March 10, 2006. He raises the same three claims asserted in state post-conviction proceedings.

## Law and Analysis

This petition was filed after the effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the court must apply the provisions of AEDPA, including the timeliness provisions. *Villegas v. Johnson*, 184 F.3d 467, 468 (5th Cir. 8/9/1999); *Lindh v. Murphy*, 521 U.S. 320, 336, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997).

Title 28 U.S.C. § 2244(d)(1)(A) provides a one-year period of limitations for the filing of an application for writ of *habeas corpus* by state convicts. This limitation period generally runs from the date that the conviction becomes final. 28 U.S.C. § 2244(d)(1)(A).[5]

The tolling provision set forth in 28 U.S.C. §2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period. *Ott v. Johnson*, 192 F.3d 510, 512 (5th Cir. 1999); *Fields v. Johnson*, 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. § 2244(d)(2).

---

[5] Petitioner alleges no state created impediment which implicated the Constitution or other federal law which prevented the timely filing of the instant petition, nor does he base his petition on any newly recognized retroactively applicable constitutional right, or on claims for which the factual predicate was only recently discovered. See 28 U.S.C. § 2244(d)(1)(B), (C), and (D). Accordingly, these subsections are inapplicable.

8

However, any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period. *Villegas*, 184 F.3d 467, citing *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir.1998). Federal courts may raise the one-year time limitation *sua sponte*. *Kiser v. Johnson*, 163 F.3d 326 (5th Cir. 1999).

Thus, in order to do an accurate timeliness analysis under § 2244(d)(1)(A), three dates are generally necessary: (1) the date upon which the judgment became final, either by the conclusion of direct review or the expiration of the time for seeking direct review; (2) the date upon which an application for post-conviction or other collateral relief was properly filed; and (3) the date upon which the application for post-conviction or other collateral relief ceased to be properly filed and thus was no longer pending.

Petitioner does not attack his September 24, 1998 conviction. Instead, he attacks the February 29, 2000 revocation of his probation. This latter date is therefore the appropriate starting point needed to determine the date of finality of petitioner's conviction. For AEDPA purposes, petitioner's probation revocation "became final by the conclusion of direct review or the expiration of the time for seeking such review", that is, thirty days following the February 29, 2000 revocation of petitioner's probation, or, on or about March 30, 2000.[6] Therefore, for the purposes of this analysis, the judgment

---

[6] Under Louisiana law, petitioner could not appeal the revocation of his probation. He did, however, retain the right to seek appellate court review of that judgment *via* a properly filed application for writs in the appropriate Court of Appeals. See *State ex rel. Clavelle v. State*, 2002-1244 (La. 12/12/2003), 861 So.2d 186, 187, ("No appeal lies from an order revoking probation, *State v. Manuel*, 349 So.2d 882 (La.1977); *State v. Rexford*, 95-0152, p. 2

complained of became final, at the latest, by the conclusion of the time for seeking appellate review on or about March 30, 2000, since that was the latest date petitioner could have applied for writs seeking review of the revocation of his probation. Under 28 U.S.C. § 2244(d)(1) petitioner therefore had one year from March 30, 2000, or until March 30, 2001 within which to file his federal *habeas corpus* petition.

Petitioner filed his first Application for Post-Conviction Relief on March 31, 2000 and this filing remained properly filed and pending and thus able to toll the limitations period until May 15, 2001 when the Third Circuit denied writs. *State v. Clavelle*, KH 00-1190 (La. App. 3 Cir. 5/15/2001). For all practical purposes, none of petitioner's AEDPA limitations period elapsed between the date petitioner's judgment of conviction became final and the date he filed his first Application for Post-Conviction Relief. However, the first application ceased to be properly filed and pending on May 15, 2001 when the Third Circuit denied writs. Petitioner did not file his second application for post-conviction relief until June 6, 2001 and by that time a period of 21 un-tolled days had elapsed.

---

(La.App. 1st Cir.6/28/95), 658 So.2d 27, 28, and while supervisory review provides a direct means for contesting the trial court's action, we have recognized that post-conviction proceedings may also afford an avenue of relief. *State ex rel. Ratcliff v. State*, 565 So.2d 923 (La.1990) ....")

The Uniform Rules, Courts of Appeal, Rule 4-3 have been interpreted to provide a limitations period of thirty days (reckoned from the date of judgment) within which an applicant may file such an application. *Levert v. St. Bernard Parish School Bd.*, 2000-2216 (La.App. 4 Cir. 10/20/00), 772 So.2d 236.

Petitioner was again able to toll the limitations period from June 6, 2001 through November 14, 2001 when the Third Circuit denied writs again. *State v. Clavelle*, KH 01-01128 (La. App. 3 Cir. 11/14/2001). However, another un-tolled period of 12 days lapsed before petitioner filed his third Application for Post-Conviction Relief on November 27, 2001.

This third Application remained pending until March 11, 2005 when the Supreme Court ultimately denied petitioner's final writ application. *State ex rel. Clavelle v. State*, 2004-0951 (La. 3/11/2005), 896 So.2d 58. Thereafter, 364 un-tolled days elapsed before petitioner filed his federal *habeas* petition on March 10, 2006.

Thus, a period of 397 un-tolled days elapsed between the date that the probation revocation became a final judgment and the date petitioner filed his federal *habeas corpus* petition. In short, petitioner's *habeas* claims are clearly time-barred and dismissal on that basis is appropriate.

Petitioner is also unable to rely upon the doctrine of equitable tolling because his pleadings fail to present any "rare and exceptional circumstances" warranting application of the equitable tolling doctrine. See *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir.1998); see also *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir.2000), *reh'g granted in part*, 223 F.3d 797 (5th Cir.2000); *Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir.2000); *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999). "Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of

action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Thompson*, 184 F.3d 398, 402 (1999), *cert. denied* 120 S.Ct. 2564 (2000) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996). Here, an argument could be made that petitioner was mislead by the courts of Louisiana with respect to his right of appellate court review of his probation revocation. However, that does not end the inquiry since equitable tolling should only be applied if the applicant diligently pursues § 2254 relief. *Scott v. Johnson*, 227 F.3d 260, 262 (5th Cir.2000); *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir.2000); *Coleman v. Thompson*, 184 F.3d 398, 403 (1999), *cert. denied* 120 S.Ct. 2564 (2000); *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 1814, 161 L.Ed.2d 669 (2005) ("Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. See, e.g., *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990)."). Here petitioner inexplicably allowed 364 un-tolled days to elapse between the Louisiana Supreme Court's writ denial and the date he filed his federal petition. Petitioner cannot be said to have diligently pursued *habeas* relief. In short, he is not entitled to the benefits of equitable tolling.

Petitioner's petition for writ of *habeas corpus* is barred by the provisions of § 2244(d)(1)(A) and dismissal on that basis is appropriate. **ACCORDINGLY,**

IT IS RECOMMENDED that this petition for federal *habeas corpus* relief be **DENIED AND DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. § 2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers at Lafayette, Louisiana, this 12 day of June, 2006.

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE

COPY SENT:
DATE: 6-14-06
BY: afm
TO: ORFD
cmH

13